FILED
OCT 06 2023
MICHAEL GANS
CLERK OF COURT

CASE# 23-1867

In the United States Court of Appeals
for the Eighth Circuit

Parnell R. May — Appellant
Vs.
Deputy K. Tims, et al., — Appellee

On Appeal from the United States District Court
of the Eastern District of Arkansas Central Division

Honerable Rudofsky United States District Judge

Petition for Rehearing en banc
designated as Motion for Rehearing With Suggestion
of Rehearing En Banc
Motion for Stay the Mandate, for
Petition for Writ of Certiorari to U.S. Supreme Court,

Parnell R. May
A.D.C.#153557
P.O. Box 970 E.A.R.U. MAX
Marianna, Arkansas
72360

RECEIVED
OCT 06 2023
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Rules 35(c), 40(a), Federal Rules of Appellate Procedure, basically provided "Since the decision in the case will have been mailed to Parnell May by U.S. Postal service, that Parnell May would be Reduced by the days it took for the U.S. Court of Appeals judgment to get to Parnell May, and to Compensate for this Loss of time, that, Parnell May would get an additional 3 days because of the U.S. Postal mail service, in accordance with Rule 26(c) of the Federal-Rules of Appellate Procedures. A Re-hearing en banc is a Re-hearing by all the active judges of the Court rather than by the usual 3 judge panel, were Parnell May, needed only file this one motion seeking for such Re-hearing en banc, designating it as a Motion for Re-hearing with Suggestion of Rehearing en banc Rule 40(a) Fed. R. App. P., where the U.S. Court of Appeals for the 8th Circuit clearly turned a blind eye, to the point of the very actual fact, that, Parnell May was physically injured by Deputy Tims, whom had intentionally used excessive physical force against Parnell May for a situation, that did not warrant the use of any kind of excessive physical force, and all of the incident was caught on video footage, which was deliberately misapprehended by the U.S. District Court, and the 3 panel judges of the U.S. Court of Appeals for the 8th Circuit, which clearly cheated Parnell May, out of his Constitutional Right to be equally protected against such prejudice, by such violators accordingly. The 3 panel judges did not give any rational opinion, regarding its judgment, which was totally wrong against Parnell May, especially where, there was real direct evidence of an actual Police brutality where excessive physical force was used against Parnell May, and real serious physical injuries were suffered accordingly, yet, this Court, re-defined what the facts were, displayed in the actual video footage, along with the U.S. District Court's description of what the material facts, looked like.

# "Conveyance"

In Response to the Judgment made by this Court,... where it was ordered by the Court that the judgment of the district Court is summar-ily affirmed, which was, wrong for this Court to make such a bias judgment against Parnell May, who was actually physically injured by a Police Officer, who used excessive physical force for a reason that was not necessary,... this Court has agreed and supported Police brutality, against a Person as Parnell May, whom was a Pre-trial detainee, on March 20th and 21st 2021, and Deputy Tims was a Police Officer, / Deputy for Pulaski County Sheriff's Office, and this Court has protected Police brutality, by its Judicial Authority, in its Court-Room, outside the eyes of the Public, which is very unconstitutional against Parnell May, and any U.S. Citizen; This will be argued as such in the Petition for a Writ of Certiorari to the United States, where perhaps such higher Court would take such matter of material facts serious to the point that, it would direct this Court, to, give the appropriate relief to Parnell May, in such a Civil Rights Lawsuit Case of a material fact accordingly,... Following the Proper Procedure, as provided by Federal Rules of Appellate Procedure Rule 40, which requires any Petition for Re-hearing to be filed within 14 days after entry of judgment, the Plaintiff Parnell May on September 2[illegible] 2021, wrote and mailed this Petition for Re-hearing en banc, so as to properly exhaust Procedural due Process, on his behalf, and to Proceed with a Petition for Certiorari to the United States Supreme Court,... anticipating this Court's bias position will never, change as its position was biasly against Parnell May.

This Court, has wrongly judged against Parnell May in his civil Rights 1983 Lawsuit, where there was a genuine issue of a material fact in this Case involving serious physical injuries, by, the defendant Deputy Tims whom had used excessive physical force, which was un-necessary for the circumstances, and this Court, also turned a blind eye, toward the Plaintiff and his evidence, and entered its judgment of summarily affirming the U.S. district Court's judgment, of dismissal of Parnell May's Civil Right Lawsuit, without, giving any comprehensive opinion, as to how this Court, came to such conclusion,.... This Court has treated Parnell May unfair, and has allowed Deputy Tims to have permission, to inflict serious physical injury to any Person as Parnell May was, this Court has allowed Deputy Tims, to use excessive physical force against any Person as Parnell May, for, un-necessary Reasons, and, Not be held accountable for his wrongful actions, and Conduct Accordingly,.... the Plaintiff shall, prepare a Petition for Writ of Certiorari to the U.S. Supreme Court, and raised the very questions, of Federal Law, just as it was raised in the appellant's brief,... perhaps the United States Supreme Court, can answer the Federal questions that this Court, refused to answer, in regard of whether there was a genuine issue of material fact, in this Case where Parenell May, would have the United States Constitutional Right to have a trial by jury in such a Civil case, as provided by the 7th Amendment to the United State's Constitution, As due process of Law, Wherefore the Appellant Request for Re-hearing en banc, accordingly, Also Motion to Stay the Mandate for Petition for Writ of Certiorari, to the U.S. Supreme Court.

Respectfully Submitted

Sign: Parnell R. May Pro Se

date: 9-27-2023

# Proof of Service

On this date of September 22nd 2023 I Parnell May Put the foregoing document into the Inmate Legal Mail System to be delivered by U.S. Postal Service to the Clerk of Court of the U.S. Court of Appeals for the 8th Circuit, at 111 South 10th Street St. Louis, Missouri 63102 which shall be electronically filed and Notification sent by the CM/ECF system to Ms. Alexandra Gabrielle Ah Loy, and Ms. Melissa Kaye Dugger, Attorneys for the defendants, in accordance with Rule 25 and Rule 26, of the Federal Rules of Appellate Procedure which shall be deemed service accordingly by due Process of Law.

Respectfully

Sign: Parnell R. May Pro Se

Parnell R. May
A.D.C. #153557
East Arkansas Regional Unit
P.O. Box 970
Marianna, Arkansas 72360

MEMPHIS TN 380
22 SEP 2023 PM 3




((Legal Mail))

United States Court of Appeals
for the Eighth Circuit
Clerk of Court's Office Michael E. Gans
111 South 10th Street, Room 24.329
Saint Louis, Missouri 63102

Sgt. [signature]
9-22-2023

((Legal Mail))

FSC MIX Envelope FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022